James Burton
Dax Anderson
KIRTON & McCONKIE
36 South State Street, Suite 1900
Salt Lake City, UT 84111
Telephone (801) 328-3600
Facsimile (801) 321-4893Eng
Email: jburton@kmclaw.com
Email: danderson@kmclaw.com

*Attorneys for Plaintiff, Engineered Roof De-Icing Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ENGINEERED ROOF DE-ICING INC. a Utah Limited Liability Company<br><br>Plaintiff,<br><br>vs.<br><br>VALIN CORPORATION, a California Corporation,<br><br>Defendant. | Case No.: 2:20-CV-00181-DBB<br><br>Judge:<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br>**JURY TRIAL DEMANDED** |

Plaintiff Engineered Roof De-Icing Inc. (hereinafter "Engineered" or "Plaintiff") by and through its counsel hereby complains against Defendant Valin Corporation ("Defendant").

**PARTIES, JURISDICTION, AND VENUE**

1. Engineered is a Utah limited liability company having a principal place of business at 9531 South 560 West Sandy, Utah 84070.

2. Upon information and belief, Defendant is a California company with its principal place of business at 5225 Hellyer Ave. #250, San Jose, California 95138, and a Utah office located at 245 North 700 West North Salt Lake, Utah 84054.

3. Plaintiff brings this action under U.S. patent laws, 35 U.S.C. §§ 1 et seq.

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

5. Upon information and belief, this Court has specific personal jurisdiction over Defendant as Defendant has a permanent place of business in Utah and purposefully directed its activities toward the state of Utah and has sold the product at issue in this case into the state of Utah.

6. Upon information and belief, this Court has general personal jurisdiction over Defendant since it is essentially at home in Utah and its contacts with Utah are substantial, continuous, and systematic and this action is based upon activities that arise out of, or are related to, those contacts.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because Defendant conducts business in this district directly related to the patent at issue in this case, thereby causing harm to Engineered in this judicial district.

**BACKGROUND**

8. Engineered is in the business of developing, manufacturing, marketing, distributing, and selling equipment used to prevent ice dams and snow loads from forming on a building's roof and roof valleys ("IceFree Panel").

9. IceFree Panels are an important tool for managing and preventing building damage caused by the formation of ice dams and icicles.

10. IceFree Panels use heated panels for melting snow and ice on a roof. The heated panels include a flat base panel, at least one linear channel disposed within the base panel that is adapted to receive heat generating cables, and at least one heat generating cable to melt ice dams and snow loads which normally build up on the eves or valleys of roofs.

11. Engineered offers several products that implement IceFree Panels in ways that provide unique advantages. For example, Engineered's devices are capable of decreasing the energy required to melt an ice dam, making them some of the most energy-efficient deicing

products on the market. In addition, Engineered's extruded panels are designed with slots that house specific sizes of heat cables or tubing.

12. Many of Engineered's IceFee Panel products are covered by U.S. Patent No. 8,607,509 Roof Ice and Snow Melt System, issued on 17 December 2013, ("the '509 Patent"). Engineered is the owner and assignee of the '509 Patent. A copy of the '509 Patent is attached hereto as Exhibit A.

**DEFENDANT'S MISCONDUCT**

13. Defendant has and continues to be in the business of making, using, selling, offering for sale, and/or importing into the United States products, which manage snow loads and ice dam formation on rooftops, some of which use the IceFree Panel technology.

14. Upon information and belief, among Defendant's products is a system called SnoFree, which practices at least claim 1 of the '509 Patent (hereinafter the "Infringing System").

15. Upon information and belief, Defendant makes, uses, sells, offers for sale, and/or distributes the Infringing System in the state of Utah.

16. Upon information and belief, Defendant's infringement of the '509 Patent has and continues to be knowing and willful.

17. On information and belief, Defendant has known of the existence of the '509 Patent, and its acts of infringement have been willful and in disregard for the '509 Patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct.

18. On information and belief, the Utah company Disco Associates had actual and constructive notice of the '509 Patent and/or the patent application from which the '509 patent issued because Disco Associates purchases the IceFree panels for resale to contractors/end users.

19. On information and belief, Disco Associates had access to the IceFree marketing materials.

20. On information and belief, on or about March 2013 Valin Corporation acquired Disco Associates to expand further its products portfolio.

21. In addition, Michael Gurr, the '509 Patent's inventor ("Inventor") investigated and learned Defendant had misappropriated the IceFree marketing materials including product names.

22. On 1 October 2018 Engineered sent Defendant an email stating:

To whom it may concern,

I am emailing to ask you to cease and desist in marketing and selling your panel systems. I have extensive proof that the products you offer are infringing on our patent and that the initial designs, marketing material, product naming etc has all been stolen from me and previous companies I have owned.

I intend to follow this up with legal claims in Federal Court.

Please contact me to discuss options to prevent legal proceedings.



Defendant did not respond to the email.

23. On or about early 2020, a Valin sales representative selling heat cable solicited Inventor. Inventor informed the Valin sales representative that Valin was infringing on the '509 Patent and again requested that Defendant cease and desist its infringing conduct.

24. On or about 6 February 2020 Engineered., though counsel, sent Defendant another cease and desist letter.

25. Upon information and belief, Defendant causes damages in the state of Utah, by selling and offering to sell and by inducing and contributing to the infringement of Engineered's patent.

26. Upon information and belief, Defendant has continued manufacture, use, sale, offer for sale, and import of the Infringing System has injured, is injuring, and will continue to cause irreparable injury to Engineered.

27. Upon information and belief, Engineered has been and continues to be significantly damaged by Defendant's actions. So long as Defendant continues performing the unlawful and improper actions described in this Complaint, Engineered will continue to suffer irreparable harm that will not be fully compensable by money damages.

**FIRST CAUSE OF ACTION**
**DIRECT PATENT INFRINGEMENT**
**35 U.S.C. §271**

28. Engineered hereby repeats and re-alleges each and every preceding allegation of this Complaint as if set forth fully herein.

29. Upon information and belief, Defendant manufactures or offers for sale, sells and/or imports the Infringing Systems.

30. Accordingly, Defendant is and has directly infringed at least claim 1 of the '509 Patent.

31. In addition, Defendant actively induces its customers to make use of the Infringing Products in a manner that infringes at least claim 1 of the '509 Patent.

32. Defendant's manuals and other literature, both online and product literature, associated with the Infringing System instructs users on the use of the Infringing System.

33. Upon information and belief, Defendant's customers, including end users, contactors, resellers and installers, have used Infringing Systems.

34. At no time has Plaintiff granted Defendant or its customers permission, license, or authorization to practice the claims of the '509 Patent. Accordingly, Defendant's customers are and have infringed at least claim 1 of the '509 Patent.

35. Accordingly, Defendant is and has induced its customers to infringe at least claim 1 of the '509 Patent.

36. Upon information and belief, Defendant possessed specific intent to encourage its customers to make use of the Infringing System in a manner that Defendant knew, or should have known, infringed the '509 Patent.

37. Upon information and belief, the Infringing System is known by Defendant to be especially made or especially adapted for use in practicing the method taught by at least claim 1 of the '509 Patent.

38. Upon information and belief, Defendant's infringing activities have damaged Engineered in an amount to be proven at trial.

39. Additionally, the harm to Engineered arising from these acts by Defendant is not fully compensable by money damages. Engineered has suffered, and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless this infringing conduct by Defendant is permanently enjoined.

40. Defendant acted in a willful and objectively reckless manner with respect to Engineered's patent rights. More specifically, Defendant made, used, sold, and offered for sale its Infringing System knowing that it was highly likely that its acts infringed the '509 Patent. Consequently, Defendant has engaged in willful infringement of the '509 Patent. Engineered is, therefore, entitled to enhanced damages and attorneys' fees as well as costs incurred in this action along with prejudgment interest under 35 U.S.C. §§ 284 and 285.

**WHEREFORE**, Engineered requests judgment against Defendant as follows:

1. Adjudging that Defendant has infringed and actively induced infringement of the '509 Patent, in violation of 35 U.S.C. § 271(a) and (b);

2. Granting an injunction permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from infringing, contributing to the infringement of, or inducing infringement of the '509 Patent;

3. Ordering Defendant to account and pay damages adequate to compensate Engineered for Defendant's infringement of the '509 Patent, including for any infringing acts not presented at trial and pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

4. Ordering an accounting for any infringing sales not presented at trial and an award by the court of additional damages for any such infringing sales.

5. Ordering that the damages award be increased up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284;

6. Declaring this case exceptional and awarding Engineered its reasonable attorney fees, pursuant to 35 U.S.C. § 285; and

7. Awarding such other and further relief as this Court deems just and proper.

## JURY DEMAND

Engineered demands that the claims alleged herein to a jury.

DATED this 17th day of 2020.

                                      KIRTON McCONKIE

                              By:   */s/Dax D. Anderson*
                                      James Burton
                                      Dax D. Anderson

                              Attorneys for Plaintiff,
                              ENGINEERED ROOF DE-ICING INC