Jared J. Braithwaite (UT State Bar No. 12455)
  jbraithwaite@mabr.com
MASCHOFF BRENNAN
111 South Main Street, Suite 600
Salt Lake City, Utah 84111
(801) 297-1850

Shella Deen (CA State Bar No. 149735, *Admitted Pro Hac Vice*)
  shella.deen@hogefenton.com
Daniel J. Marsh (CA State Bar No. 284948, *Admitted Pro Hac Vice*)
  daniel.marsh@hogefenton.com
HOGE, FENTON, JONES & APPEL, INC.
60 S. Market St., Suite 1400
San Jose, California 95113
(408) 287-9501

Attorneys for Defendant and Counterclaimant Valin Corporation

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ENGINEERED ROOF DE-ICING INC., a Utah Limited Liability Company<br><br>　　　　Plaintiff,<br><br>v.<br><br>VALIN CORPORATION, a California Corporation<br><br>　　　　Defendant. | Case No. 2:20-cv-00181-DBB-JCB<br><br>**DEFENDANT VALIN CORPORATION'S MOTION TO DISMISS PLAINTIFF ENGINEERED ROOF DE-ICING INC.'S FIRST AMENDED COMPLAINT; REQUEST FOR MONETARY SANCTIONS**<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

## MOTION TO DISMISS

Defendant Valin Corporation ("Valin") hereby submits this Motion to Dismiss Plaintiff Engineered Roof De-Icing, Inc.'s ("Engineered") First Amended Complaint, with prejudice, for Engineered's Failure to Appear or Appoint Counsel, pursuant to Federal Rule of Civil Procedure 41(b); and for monetary sanctions pursuant to Federal Rule of Civil Procedure 16.

Engineered has willfully violated this Court's July 9, 2020 Court's Order requiring Engineered to appoint new counsel and appear in this case by July 30, 2020. (Docket No. 23.) Engineered's refusal to comply with the Court's Order, despite a warning from the Court that the failure to comply could result in the dismissal of Engineered's action, is inexcusable. This is not the first time that Engineered has failed to comply with this Court's orders. Engineered's refusal to comply with the rules and orders of this Court has prejudiced Valin by causing unnecessary delay and forcing Valin to incur needless attorney fees. Accordingly, pursuant to the Court's July 9, 2020 Order and Federal Rule of Civil Procedure 41(b), Valin respectfully seeks an order dismissing with prejudice Engineered's First Amended Complaint. Valin further seeks, pursuant to Federal Rule of Civil Procedure 16(f)(2), an award of monetary sanctions in the amount of **$2,375** to compensate Valin for its reasonable attorney fees incurred in bringing this motion.

This motion is based on this Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Daniel J. Marsh, the pleadings and evidence on file in this matter, oral argument of counsel, and such other materials and argument as may be presented in connection with the hearing of this motion.

Dated: August 12, 2020.                    Respectfully Submitted,

                                                               MASCHOFF BRENNAN

                                       By:  */s/ Jared J. Braithwaite*
                                                   Jared J. Braithwaite

                                                   HOGE, FENTON, JONES & APPEL, INC.
                                                   Shella Deen
                                                 Daniel J. Marsh

                                                 Attorneys for Defendant Valin Corporation

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

I. **INTRODUCTION**

This case arises out of Engineered's claim that it sustained damages as a result of Valin's alleged infringement of Engineered's patent. During the pendency of this case, Engineered, among other things, has refused to communicate with its own counsel, refused to comply with this Court's local rules governing patent lawsuits, and has failed to pay its counsel for legal services rendered. As a result of Engineered's failure to communicate with, or pay, its own counsel, this Court permitted Engineered's counsel to withdraw. The Court's Order, however, made clear to Engineered (a corporation) that it was required to obtain new counsel within twenty-one (21) days after the Court's Order or it would be subject to sanctions, including dismissal of this action. (Docket No. 23.)

Despite the Court's Order, Engineered has failed to appoint new counsel or otherwise comply with the Court's Order. As a result, controlling authority requires dismissal of Engineered's action against Valin *with prejudice*.

II. **STATEMENT OF FACTS**

Engineered filed its Complaint in this action on March 17, 2020. (Docket No. 2.) The Complaint alleges, *inter alia*, that Engineered is in the business of developing, manufacturing, marketing, distributing and selling equipment used to prevent ice dams and snow loads from forming on a building's roof and roof valleys. The Complaint alleges that many of Engineered's products are covered by Engineered's patent, U.S. Patent No. 8,607,509 (the "'509 Patent"). The Complaint further alleges that Valin, which is also in the business of making, using, and selling

products which manage snow loads and ice dam formation on rooftops, manufactures and sells certain products that practices at least claim 1 of the '509 Patent.

On May 26, 2020, Valin filed its Motion to Dismiss Plaintiff Engineered Roof De-Icing Inc.'s Complaint. (Docket No. 16.) Rather than oppose the motion, Engineered filed a First Amended Complaint on June 16, 2020. (Docket No. 18.) On July 1, 2020, after withdrawing its motion to dismiss Engineered's Complaint, Valin filed its Answer, Affirmative Defenses, and Counterclaims to Engineered's First Amended Complaint for Patent Infringement. (Docket No. 21.)

Pursuant to Local Patent Rule 2.1, Engineered's Accused Instrumentalities Disclosures were due on July 7, 2020. *See* LPR 2.1 (party claiming infringement shall disclose a list identifying each accused apparatus, product, device, process, method, act, or other instrumentality no later than seven days after defendant files its answer)). As of this date, Engineered has not provided any of its required disclosures under the Local Patent Rules.

On July 8, 2020, Plaintiff's counsel suddenly, and without warning, filed a Motion for Withdrawal of Counsel. (Docket No. 22.) The Motion for Withdrawal of Counsel cited, among other things, Engineered's failure to pay legal fees and failure to communicate with attorneys as a basis for withdrawal. (*Id.*)

On July 9, 2020, the Court issued its Order granting Plaintiff's counsel's Motion for Withdrawal of Counsel ("Order"). (Docket No. 23.) The Order provided Plaintiff with twenty-one (21) days to retain new counsel, and stated that a party who fails to appear within twenty-one (21) days after the entry of order would be subject to sanctions, including dismissal of the action:

> The case shall be stayed for twenty-one (21) days to allow Plaintiff to retain new counsel or otherwise appear pro se.[1] After expiration of the stay period, either party may request a scheduling conference or submit a proposed amending scheduling order. An unrepresented party who fails to appear within twenty-one (21) days after entry of the order, or within the time otherwise required by the court, may be subject to sanction pursuant to Federal Rule of Civil Procedure 16(f)(1), including but not limited to dismissal of default judgment.

(Docket No. 23.)

Based on the Order, Engineered should have filed a notice of appearance by July 30, 2020. As of this date, Engineered has failed to file any notice of appearance as ordered by the Court. Engineered has also not communicated to Valin or the Court concerning its intent to retain new counsel and/or file a notice of appearance.

### III. ARGUMENT

#### A. Engineered's First Amended Complaint Should Be Dismissed with Prejudice

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or comply with these rules **or a court order**, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b) (emphasis added); *see also* Espinoza v. State Farm Fire, 2013 WL 11326736 (D. Utah Dec. 19, 2013). Federal Rule of Civil Procedure 41(b) further provides that, unless the dismissal order states otherwise, a dismissal under subdivision (b) operates as an adjudication on the merits. Fed. R. Civ. Proc. 41(b). In addition, the Tenth Circuit has repeatedly held that "[a] district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal rules." *Reed v.*

---

[1] Engineered, as a corporation, is not permitted to appear pro se but must be represented by an attorney, who is admitted to practice in this Court. DUCivR 83-1.3(c).

*Bennet*, 312 F.3d 1190, 1195 (10th Cir. 2002). "Such sanctions may include dismissing the party's case with prejudice or entering judgment against the party." *Id.* (citation omitted).

In determining whether involuntary dismissal is appropriate under Federal Rule of Civil Procedure, the 10th Circuit looks at the following five criteria: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the other party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Mobley v. McCormick*, 40 F.3d 337, 341 (10th Cir. 1994).

With respect to the first criteria, legal authority makes clear that causing delay and mounting attorney fees is sufficient to establish prejudice. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). The failure to comply with a direct court order further satisfies the second and third criteria related to interference with the judicial process and culpability of the litigant. *Id.* (finding that allowing a plaintiff to ignore a court's order without suffering consequence would preclude a court from administering justice and result in chaos). As noted in *Ehrenhaus*, a notice from the court that "failure to comply with the court's order would subject claims to dismissal" is sufficient to satisfy the fourth factor related to whether the court warned the other party in advance that dismissal of the action would be a likely sanction for noncompliance. *Id.*

Here, all five factors are met warranting dismissal of Engineered's action with prejudice. First, Valin has suffered actual prejudice in this action in the form of unnecessary delay and legal costs as a result of Engineered's failure to appear or appoint counsel (or otherwise comply with the rules of this Court related to patent lawsuits), and will suffer additional prejudice if

Engineered is permitted to continue its case after being notified of the potential danger of failing to appoint counsel. See *Ehrenhaus*, 965 F.3d at 921. Second, Engineered has clearly interfered with the judicial process as evidenced by its complete failure to comply with the Court's Order, or Local Patent Rule 2.1. Third, Engineered's culpability is also great in this case. Engineered has failed to appoint counsel notwithstanding an Order from the Court to do so. Fourth, Engineered has expressly been warned that its failure to appoint counsel within the twenty-one (21) day timeline provided by the Court would subject it to dismissal. The Order explicitly states that failure to comply by a party would subject that party to sanctions pursuant to Federal Rule of Civil Procedure 16(f)(1), "including but not limited to dismissal of default judgment." (Docket No. 23.) Finally, it is clear that a lesser sanction would not be effective in this case. As stated above, Engineered has shown a complete disregard for the Court's Order, and the judicial process in general (i.e., complying with Local Patent Rule 2.1). Permitting Engineered to benefit by instituting any sanction short of dismissal with prejudice would reward Engineered's inexcusable conduct.

    *Espinoza* is directly on point. In that case, the court granted plaintiffs' counsel's motion to withdraw. The court's order required plaintiffs to appear or appoint counsel within twenty-one (21) days, and warned them that failure to do so would result in "sanctions pursuant to Federal Rule of Civil Procedure 16(f), including but not limited to dismissal of their complaint." *Espinoza*, 2013 WL 11326736 at *1 (D. Utah Dec. 19, 2013). Defendant filed a motion to dismiss the action pursuant to Federal Rule of Civil Procedure 41(b) after plaintiffs failed to comply with the court's order and appoint counsel within the twenty-one (21) day time frame. *Id.*

The court granted defendants' motion to dismiss *with prejudice*. The court's ruling was based on the fact that plaintiffs failed to comply with the court's order despite receiving sufficient warning from both the court and defendants. *Id.*

Here, as in *Espinoza*, the Court's Order requires that Engineered appear or appoint counsel "within twenty-one (21) days after entry of the order, or within the time otherwise required by the court, may be subject to sanction pursuant to Federal Rule of Civil Procedure 16(f)(1), including but not limited to dismissal of default judgment." As of this date, Engineered has failed to appoint counsel. Accordingly, Engineered's action should be dismissed with prejudice.

### B. Valin Should Be Awarded Monetary Sanctions Against Engineered

Federal Rule of Civil Procedure 16(f)(1) provides that a court may issue any just orders if a party or its attorney fails to obey a pretrial order. Fed. R. Civ. P. 16(f)(1). Federal Rule of Civil Procedure 16(f)(2) provides that a court *must* order the non-complying party, or its attorney, to pay the reasonable expenses incurred because of that party's non-compliance:

> Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. Proc. 16(f)(2).

Here, the Court's Order explicitly states that a party's non-compliance may subject the party to sanctions pursuant to Federal Rule of Civil Procedure 16(f)(1). Engineered's failure to comply with the Court's Order, which lacks any justification, has forced Valin to file this motion. Accordingly, Valin should be awarded monetary sanctions against Engineered in the

amount necessary to compensate it for its reasonable expenses, including attorney fees, in bringing this motion. As stated in the Declaration of Daniel J. Marsh accompanying this motion, the reasonable legal fees incurred by Valin in bringing this motion is **$2,375**.

## IV. CONCLUSION

Engineered has willfully violated this Court's Order requiring it to appoint counsel within twenty-one (21) days, despite being warned that its failure to comply could result in dismissal of this action. Valin has been prejudiced by the delay caused by Engineered's violation of the Court's Order, and by being forced to incur attorney fees to bring this motion. Accordingly, this Court should dismiss Engineered's First Amended Complaint with prejudice and award Valin monetary sanctions in the amount of **$2,375**.

Dated: August 12, 2020.                                    Respectfully Submitted,

MASCHOFF BRENNAN

By: */s/ Jared J. Braithwaite*
Jared J. Braithwaite

HOGE, FENTON, JONES & APPEL, INC.
Shella Deen
Daniel J. Marsh

Attorneys for Defendant Valin Corporation

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing, **DEFENDANT VALIN CORPORATION'S MOTION TO DISMISS PLAINTIFF ENGINEERED ROOF DE-ICING INC.'S FIRST AMENDED COMPLAINT; REQUEST FOR MONETARY SANCTIONS**, was served on August 12, 2020, via U.S. Mail, to Plaintiff Engineered Roof De-Icing Inc.'s registered agent and to Engineered Roof De-Icing Inc. at its registered business address as also stated as its address in its First Amended Complaint (*See* Docket No. 18 at ¶ 1) as follows:

> Heather Gurr
> Registered Agent
> Engineered Roof De-Icing Inc.
> 11239 Midas View Circle
> South Jordan, UT 84095
>
> Engineered Roof De-Icing Inc.
> 9531 South 560 West
> Sandy, UT 84070

*/s/ Abigail Alvey*
