IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ENGINEERED ROOF DE-ICING INC., a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>VALIN CORPORATION, a California Corporation,<br><br>Defendant. | **ORDER TO SHOW CAUSE**<br><br>Case No. 2:20-cv-00181-DBB<br><br>District Judge David Barlow |

On July 9, 2020, Magistrate Judge Jared C. Bennett granted Plaintiff Valin Corporation counsel's motion to withdraw and stayed this case for twenty-one (21) days to allow Plaintiff to retain new counsel or otherwise appear pro se. (ECF No. 23.) The magistrate judge further ordered that an unrepresented party who fails to appear within twenty-one (21) days or the time otherwise required by the court may be subject to sanctions, including dismissal of the case or default judgment.

On June 30, 2020, Defendant filed an Answer to Plaintiff's Amended Complaint and Counterclaim against Plaintiff. Since that time Plaintiff has filed no response to the counterclaim. On August 12, 2020, Defendant filed a Motion for Entry of Default. (ECF No. 25.) Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

On August 12, 2020, after twenty-one (21) days from the magistrate judge's order had passed, Defendant Valin Corporation filed a Motion to Dismiss Plaintiff's First Amended Complaint and Request for Monetary Sanctions. (ECF No. 24.) Since that time Plaintiff has filed no opposition to the motion. Federal Rule of Civil Procedure 41(b) provides, in relevant part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Further, local rule DUCivR 7-1(d) states that "[f]ailure to respond timely to a motion, other than for summary judgment, may result in the court's granting the motion without further notice."

Accordingly, Plaintiff is hereby ordered to show cause on or before September 28, 2020 why Defendant's motions should not be granted. If Plaintiff fails to show good cause on or before September 28, 2020 why the motion to dismiss and motion for entry of default should not be granted, the court will grant the motion to dismiss with prejudice, enter a certificate of default against Plaintiff on Defendant's counterclaims, and order sanctions pursuant to Federal Rule of Civil Procedure 16(f)(2). Entities, such as Plaintiff, cannot appear pro se and must be represented by counsel. As a result, any response by Plaintiff to this order must be filed by counsel.

DATED this 14th day of September, 2020.

BY THE COURT

_____
David Barlow
United States District Judge