JAMES T. BURTON (11875)
jburton@kmclaw.com
**KIRTON │ McCONKIE**
36 South State Street, Suite 1900
Salt Lake City, UT 84111
Telephone (801) 328-3600
Facsimile (801) 321-4893

ROBERT E. AYCOCK (8878)
raycock@pamhlaw.com
WILLIAM B. CHADWICK (16416)
wchadwick@pamhlaw.com
**PIA ANDERSON MOSS HOYT**
136 East South Temple, Suite 1900
Salt Lake City, UT 84111
Telephone: (801) 350-9000
Facsimile: (801) 350-9010

*Attorneys for Plaintiff and Counterclaim-Defendant*
*Engineered Roof De-Icing Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ENGINEERED ROOF DE-ICING INC., a Utah Limited Liability Company,<br><br>　　　Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>VALIN CORPORATION, a California Corporation,<br><br>　　　Defendant and Counterclaimant. | Case No.: 2:20-cv-00181-DBB-JCB<br><br>**CONSOLIDATED MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS, REQUEST FOR MONETARY SANCTIONS, AND APPLICATION FOR ENTRY OF DEFAULT**<br><br>Judge: David Barlow<br><br>Magistrate Judge: Jared C. Bennet |

　　　Plaintiff and Counterclaim-Defendant Engineered Roof De-Icing Inc. ("Engineered"), by and through undersigned counsel of record, hereby respectfully files this Consolidated Memorandum in Opposition to Defendant and Counterclaimant Valin Corporation's ("Valin")

4811-9290-1564

(a) Motion to Dismiss Engineered's First Amended Complaint and Request for Monetary Sanctions (the "Motion to Dismiss") and (b) Application for Entry of Default as to Engineered (the "Motion for Entry of Default') (collectively, the "Dispositive Motions").

## ARGUMENT

As set forth in more detail in Engineered's September 28, 2020 consolidated (a) Response to Order to Show Cause and (b) Motion for Leave to File and Serve Documents; Motion for Associated Extensions of Time (collectively, the "OSC Response" (Dkt. No. 31), incorporated herein by this reference), both of Valin's Dispositive Motions turn on the identical issue—the unintentional and temporary absence of counsel of record on behalf of Engineered from July 9, 2020 until September 27, 2020.  (*See* Dkt. Nos. 24 & 25.)  Nevertheless, this issue has now been remedied with the appearance of James T. Burton of Kirton McConkie and Robert E. Aycock and William B. Chadwick of Pia Anderson Moss Hoyt.  (*See* Dkt. Nos. 28-30.)

Moreover, in view of (1) the liberal application of Federal Rule of Civil Procedure 6(b)(1)(B),[1] (2) Engineered's September 28, 2020 request for an extension of time to file and serve documents concurrent with the appearance of Engineered's counsel,[2] (3) Engineered's provision of the proposed documents themselves (which demonstrate both prosecution of this matter and the impropriety of default),[3] and (4) the absence of any substantive prejudice beyond mere (and modest) delay to Valin,[4] Valin's Dispositive Motions should be denied and this case

---

[1] *See Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016) (Federal Rule of Civil Procedure 6(b)(1) "should be liberally construed to advance the goal of trying each case on the merits"); *Strong v. Cochran*, No. 2:14-cv-00788-TC-EJF, 2018 WL 4080898, at *1 (D. Utah Aug. 27, 2018) (unpublished) (applying this reasoning to Rule 6(b)(1)(B) and "excusable neglect").
[2] (*See* Dkt. No. 30.)
[3] (*See id.* at Exs. A-D.)
[4] (*See id.*)

should proceed consistent with the Tenth Circuit's clear preference for resolving cases on the merits. *See Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970) ("The preferred disposition of any case is upon its merits and not by default judgment."); Fed. R. Civ. P. 6(b)(1)(B); *Magnusson v. Ocwen Loan Servicing, LLC*, No. 2:14-cv-161-DN-DBP, 2014 WL 4185672, at * 2 (D. Utah Aug. 21, 2014) (unpublished) ("where a party has filed an answer prior to the entry of default, … it would be improper for the court to enter default." (collecting cases)).

## CONCLUSION

At bottom, Valin's Dispositive Motions seek to capitalize on temporary complications with Engineered's representation. Where those complications have now been resolved, and substantive steps are being actively undertaken to prosecute this case going forward, the extreme relief sought in Valin's Dispositive Motions is unnecessary and inappropriate. To this end, the Dispositive Motions should be denied and this case should be scheduled to proceed on the merits.

DATED this 28th day of September, 2020.

                                     Respectfully submitted,

                                     **KIRTON | McCONKIE**

                                     By: */s/James T. Burton*
                                               James T. Burton

                                       **PIA ANDERSON MOSS HOYT**
                                       Robert E. Aycock
                                       William B. Chadwick

                                       *Attorneys for Plaintiff and Counterclaim-Defendant Engineered Roof De-Icing Inc.*

4811-9290-1564

## CERTIFICATE OF SERVICE

I hereby certify that on this the 28th day of September, 2020, I caused a true and correct copy of the foregoing **Consolidated Memorandum in Opposition to Motion to Dismiss, Request for Monetary Sanctions, and Application for Entry of Default** to be served on all counsel of record via CM/ECF.

*/s/James Burton*

4811-9290-1564