JAMES T. BURTON (11875)
jburton@kmclaw.com
**KIRTON │ McCONKIE**
36 South State Street, Suite 1900
Salt Lake City, UT 84111
Telephone (801) 328-3600
Facsimile (801) 321-4893

ROBERT E. AYCOCK (8878)
raycock@pamhlaw.com
WILLIAM B. CHADWICK (16416)
wchadwick@pamhlaw.com
**PIA ANDERSON MOSS HOYT**
136 East South Temple, Suite 1900
Salt Lake City, UT 84111
Telephone: (801) 350-9000
Facsimile: (801) 350-9010

*Attorneys for Plaintiff and Counterclaim Defendant*
*Engineered Roof De-Icing Inc.*

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ENGINEERED ROOF DE-ICING INC., a Utah Limited Liability Company,<br><br>   Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>VALIN CORPORATION, a California Corporation,<br><br>   Defendant and Counterclaimant. | Case No.: 2:20-cv-00181-DBB-JCB<br><br>**RESPONSE TO ORDER TO SHOW CAUSE**<br><br>**AND**<br><br>**MOTION FOR LEAVE TO FILE AND SERVE DOCUMENTS; MOTION FOR ASSOCIATED EXTENSIONS OF TIME**<br><br>Judge: David Barlow<br><br>Magistrate Judge: Jared C. Bennet |

Plaintiff and Counterclaim Defendant Engineered Roof De-Icing Inc. ("Engineered"), by and through undersigned counsel of record, hereby respectfully responds to the Court's September 14, 2020 Order to Show Cause (the "Order").  In concert with responding to the Order, Engineered also hereby respectfully requests (a) leave to file and/or serve various documents identified below and (b) extensions of time through and including the date any such leave is granted so as to render the filing and/or service of such documents timely.

## INTRODUCTION

Engineered candidly acknowledges that complications between it and its counsel briefly postponed progress in this matter between July and the present.   Nevertheless, those complications have now been resolved without any harm to Defendant.  This case should, therefore, proceed on the merits, affording both parties due process, rather than being dismissed with prejudice from the outset based on unintentional and excusable procedural missteps.

## RELEVANT PROCEDURAL HISTORY AND CIRCUMSTANCES

As the Court is aware, Engineered inaugurated the above-captioned legal proceeding by filing its Complaint for Patent Infringement (the "Complaint") on March 17, 2020.  (*See* Dkt. No. 2.)  The Court entered an Order to Propose Schedule, which was subsequently amended setting June 9, 2020 as the deadline for the parties to file an Attorney Planning Meeting Report and Proposed Patent Case Scheduling Order.  (*See* Dkt. Nos. 5 & 15.)  During the interim, Defendant (and Counterclaimant) Valin Corporation ("Valin") was granted a stipulated extension of time to answer or otherwise respond to the Complaint until and including May 26, 2020.  (*See* Dkt. No. 9.)  Shortly after the Court's amended Order to Propose Schedule was entered, however, Valin moved to dismiss the Complaint in lieu of answering, thus complicating coordination of an

attorney planning meeting as well as the timing of any resulting jointly proposed patent case scheduling order.  (*See* Dkt. No. 16.)  Around this same time, *i.e.*, May – June, 2020, Engineered and its counsel unfortunately began having difficulties communicating and agreeing upon the course of litigation.  (*See, e.g.,* Dkt. No. 22.)

In response to Valin's motion to dismiss, and in an effort to avoid the unnecessary expense of briefing and arguing the same in order to keep this case moving forward on the merits, Engineered voluntarily elected to simply amend the Complaint to more fully articulate Engineered's simple and straightforward claim for patent infringement.  (*See* Dkt. No. 18.)  To this end, Engineered's First Amended Complaint for Patent Infringement (the "FAC") was filed on June 16, 2020.  (*See id.*)  Thereafter, Valin voluntarily withdrew its motion to dismiss.  (*See* Dkt. No. 19.)  And the Court simultaneously extended the deadline for the parties to file an Attorney Planning Meeting Report and Proposed Patent Case Scheduling Order until and including July 10, 2020.  (*See* Dkt. No. 20.)  Meanwhile, Valin proceeded to answer the FAC on June 30, 2020, setting forth various affirmative defenses as well as counterclaims for declaratory judgment of non-infringement and/or invalidity of the patent-in-suit.  (*See* Dkt. No. 21.)

Notwithstanding the foregoing, the communication and strategy difficulties arising between Engineered and its counsel *circa* May – June, 2020 continued to escalate.  (*See, e.g.,* Dkt. No. 22.)  As a result of the same, Engineered's counsel was compelled to move to withdraw from this case on July 8, 2020, seeking leave of Court to withdraw notwithstanding the absence of Engineered's consent.  (*See id.*)  Prior to the expiration of all but one deadline in this matter,[1]

---

[1] At the time of the Court's Order granting Engineered's counsel's motion to withdraw, the following deadlines applied: (1) **July 7, 2020**: Engineered's Local Patent Rule ("LPR") 2.1 Accused Instrumentality Disclosures were due; (2) **July 10, 2020**: the parties' joint Attorney

the Court granted Engineered's counsel's motion to withdraw on July 9, 2020, leaving Engineered without counsel of record from that time to the present.  (*See* Dkt. No. 23.)  Engineered was given until July 30, 2020 to find replacement counsel.  (*See id.*)  Nevertheless, while Engineered immediately began diligently seeking to retain replacement counsel pursuant to the Court's Order, that effort was unintentionally delayed for myriad reasons, including the uncertainty of immediate (or expired) deadlines in this case, the difficulties between Engineered and its counsel reflected in the motion to withdraw, and COVID-19.

While Engineered was still unrepresented by counsel (notwithstanding its ongoing efforts to find replacement counsel and its knowledge that Engineered could not represent itself or otherwise appear *pro se*), the 21-day stay implemented in the Court's Order granting Engineered's counsel's motion to withdraw lapsed.  Moreover, on August 12, 2020,[2] Valin immediately moved to dismiss Engineered's claim for patent infringement for failure to prosecute while simultaneously seeking entry of default against Engineered on Valin's counterclaims for non-infringement and patent invalidity owing to a failure to timely answer.  (*See* Dkt. Nos. 24-

---

Planning Meeting Report and Proposed Patent Case Scheduling Order were due; and **July 21, 2020**: Engineered's answer to Valin's counterclaims was due along with Engineered's LPR 2.2 Initial Disclosures.  Notably, however, as of June 16, 2020, Engineered's FAC had already been filed, largely including and setting forth the very information required under LPR 2.1.  Moreover, the Court's Order granting Engineered's counsel's motion to withdraw presumably extended all of these deadlines by at least 21 additional days potentially making them **July 28, 2020**, **July 31, 2020** and **August 21, 2020**, respectively.

[2] Valin asserts that Engineered's deadline to answer the counterclaims was August 11, 2020.  (*See* Dkt. No. 25 at ¶ 13.)  But this left Engineered only 11 days after the deadline to obtain replacement counsel to answer the counterclaims.  (*See* Dkt. No. 23.)  While this accounts for a total of 21 days from when the counterclaims were filed (*i.e.*, June 30, 2020) with a 21-day stay during the interim, such an approach puts an unfair timing burden on Engineered's ability to find replacement counsel such that Engineered's replacement counsel would have the full benefit of 21 days to both get up to speed and prepare an answer to the counterclaims as contemplated by both Federal Rule of Civil Procedure 12 as well as the Court's Order granting Engineered's counsel's motion to withdraw.

25.)[3]  These filings and associated circumstances further complicated and hampered Engineered's diligent efforts to find replacement counsel.

Notwithstanding the foregoing, and the prior communication and strategy difficulties arising between Engineered and its counsel starting in May and continuing into September in particular, concurrent with this filing James T. Burton of Kirton McConkie and Robert E. Aycock and William Chadwick of Pia Anderson Moss Hoyt have each appeared on behalf of Engineered. Moreover, and more importantly, concurrent with this filing, Engineered seeks the Court's leave to file (along with any necessary extensions of time to render them timely) each of the following:

- A draft Attorney Planning Meeting Report and Proposed Patent Case Scheduling Order setting forth a proposed schedule starting 21 days after entry of the same for all LPR deadlines under LPR 2.2 going forward (attached as **Exhibit "A"**);[4]

- Engineered's answer to Valin's counterclaims (attached as **Exhibit "B"**);

- Engineered's LPR 2.1 Accused Instrumentality Disclosures (attached as **Exhibit "C"**); and

- A consolidated memorandum in opposition to Valin's motions to dismiss and for entry of default (attached as **Exhibit "D"**).

Simply put, Valin's motion to dismiss and motion for entry of default are both premised on Engineered's alleged failure to prosecute this case.  (*See* Dkt. Nos. 24-25.)  However, any such failure was not intentional but was instead merely the result of the temporary absence of counsel, a temporary absence that Engineered has diligently sought to remedy notwithstanding various

---

[3] Pursuant to DUCivR 7-1(b)(3)(B), Engineered's memoranda in opposition to Valin's motion to dismiss and motion for entry of default were both due on August 26, 2020, while Engineered was still without counsel.

[4] With the Court's leave, Engineered further intends to hold the attorney planning meeting within one week of this filing such that a joint (and amended if necessary) Attorney Planning Meeting Report and Proposed Patent Case Scheduling Order can be submitted to the Court thereafter.

4811-9290-1564

complications.  Where counsel has now appeared for Engineered, and Engineered is manifestly seeking to diligently prosecute this matter via such counsel, there is good cause to deny Valin's motion to dismiss as well as its motion for entry of default such that this case can now efficiently proceed on the merits.  To this end, Engineered should be granted leave to file and/or serve Exhibits A-D such that the same are considered timely, Valin's dispositive motions should, accordingly, be denied, and this case should be scheduled to proceed in an orderly and efficient process as contemplated by the Rules.

### **ARGUMENT**

It is axiomatic that "[t]he preferred disposition of any case is upon its merits and not by default judgment" or a perfunctory dismissal with prejudice.  *See Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970).  Consistent with this judicial preference, it has been routinely recognized that Federal Rule of Civil Procedure 6(b)(1) "should be liberally construed to advance the goal of trying each case on the merits."  *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016). And this reasoning applies to both Rule 6(b)(1)(A)[5] and Rule 6(b)(1)(B).[6]  *See, e.g., Strong v. Cochran*, No. 2:14-cv-00788-TC-EJF, 2018 WL 4080898, at *1 (D. Utah Aug. 27, 2018) (unpublished) (noting that Rule 6(b)(1)(B) "should be liberally construed to advance the goal of trying each case on the merits" such that "[a] court may extend a filing deadline on motion made after the time has expired if the party failed to act because of excusable neglect." (internal quotation marks and citations omitted)).

---

[5] Authorizing an extension of time for good cause "with or without motion or notice … if a request is made … before the original time or its extension expires…."

[6] Authorizing an extension of time for good cause "on a motion made after the time has expired if the party failed to act because of excusable neglect."

Further to this point, it has been held that "'excusable neglect' under Rule 6(b) is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (internal quotation marks and citations omitted).  Indeed, the Court should consider "all relevant circumstances" in evaluating a request for additional time under Rule 6(b)(1)(B).  *Id.* at 395.  Four factors are instructive: prejudice to the non-moving party; the length of the delay and its impact on judicial proceedings; the reason for the delay; and the movant's good faith.  *Id.*

Here, as discussed above, Valin has moved to dismiss Engineered's patent infringement claim, *with prejudice*, owing solely to Engineered's unintentional and modest delay in obtaining replacement counsel, irrespective of the merits.  (*See* Dkt. No. 24.)  Similarly, owing to a modest delay in answering Valin's counterclaims (which is also a result of the unintentional absence of counsel), Valin has sought a default judgment against Engineered, both as to Valin's purported non-infringement of the patent-in-suit *as well as alleged invalidity of the patent-in-suit in its entirety.* (*See* Dkt. No. 25.)  Nevertheless, these draconian remedies are both unnecessary and inappropriate under the circumstances in addition to being inconsistent with the Tenth Circuit's clear preference for resolving cases on the merits.

Specifically, and by way of response to the Court's Order and in opposition to Valin's dispositive motions, the predicate for Valin's position, namely a temporary absence of counsel and a corresponding delay in prosecution, has now been resolved.  Indeed, concurrent with this filing, counsel for Engineered has appeared and is manifestly seeking to diligently prosecute this matter in the form of seeking leave and extensions of time to file all outstanding documents sufficient to

move this case forward posthaste.[7]  Moreover, liberally construing Rule 6(b)(1)(B) as the Court must, the delays to date have been both unintentional and excusable in view of the absence of counsel.  Specifically, under the *Pioneer* factors, outside of mere (and slight) delay, Valin has not suffered any demonstrable substantive prejudice resulting from Engineered's temporary lack of counsel, the length of time during which Engineered was without counsel was limited to less than three (3) months, where no trial has been scheduled and this case is in its infancy Engineered's temporary absence of counsel has had a minimal impact on these proceedings, and, at all times, Engineered has acted in good faith, diligently seeking to obtain replacement counsel.

## CONCLUSION

In view of the foregoing, there is good cause to deny Valin's dispositive motions such that this case can proceed on the merits.  To this end, Engineered should be granted leave to file and/or serve Exhibits A-D such that they are timely, Valin's dispositive motions should be denied, and this case should be scheduled to proceed in an orderly and efficient process as contemplated by the Rules.

---

[7] *See, e.g., Magnusson v. Ocwen Loan Servicing, LLC*, No. 2:14-cv-161-DN-DBP, 2014 WL 4185672, at * 2 (D. Utah Aug. 21, 2014) (unpublished) ("where a party has filed an answer prior to the entry of default, … it would be improper for the court to enter default." (collecting cases)); *Welch v. Centex Home Equity Co., LLC*, No. 03-2132-JWL-DJW, 2004 WL 2348295, at *1 (D. Kan. Apr. 23, 2004) (unpublished) (holding that a "two month" delay "between the original [answer] deadline and Plaintiff's request for leave to file answer out of time" was "relatively innocuous.").

DATED this 28th day of September, 2020.

Respectfully submitted,

**KIRTON⎮McCONKIE**


By:  _/s/James T. Burton_____
     James T. Burton

**PIA ANDERSON MOSS HOYT**
Robert E. Aycock
William B. Chadwick

_Attorneys for Plaintiff and Counterclaim Defendant
Engineered Roof De-Icing Inc._

4811-9290-1564

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 28th day of September, 2020, I caused a true and correct copy

of the foregoing **Response to Order to Show Cause and Motion for Leave to File and Serve**

**Documents; Motion for Associated Extensions of Time** to be served on all counsel of record via

CM/ECF.


*/s/James Burton*

4811-9290-1564