Jared J. Braithwaite (UT State Bar No. 12455)
  jbraithwaite@mabr.com
MASCHOFF BRENNAN
111 South Main Street, Suite 600
Salt Lake City, Utah 84111
(801) 297-1850

Shella Deen (CA State Bar No. 149735, *Admitted Pro Hac Vice*)
  shella.deen@hogefenton.com
Daniel J. Marsh (CA State Bar No. 284948, *Admitted Pro Hac Vice*)
  daniel.marsh@hogefenton.com
HOGE, FENTON, JONES & APPEL, INC.
60 S. Market St., Suite 1400
San Jose, California 95113
(408) 287-9501

Attorneys for Defendant and Counterclaimant Valin Corporation

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ENGINEERED ROOF DE-ICING INC., a Utah Limited Liability Company<br><br>Plaintiff,<br><br>v.<br><br>VALIN CORPORATION, a California Corporation<br><br>Defendant. | Case No. 2:20-cv-00181-DBB-JCB<br><br>**DEFENDANT VALIN CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF ENGINEERED ROOF DE-ICING INC.'S FIRST AMENDED COMPLAINT AND REQUEST FOR MONETARY SANCTIONS**<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

1

Valin filed its Motion to Dismiss Engineered's First Amended Complaint because of Engineered's complete failure to comply with the Court's Order to appoint new counsel within 21-days of the withdrawal of its former counsel. (*See* Order, Docket No. 23.) Instead of appointing new counsel, Engineered's *prior* counsel re-appeared 82 days after withdrawal alongside additional attorneys. Engineered provides no evidence to show any excusable neglect for its failure to comply with the Court's Order, its failure to answer Valin's counterclaims, or its failure to timely respond to the present Motion. Engineered simply argues that the delay was unintentional and modest and that Engineered acted in good faith to diligently obtain replacement counsel.

The evidence, however, contradicts Engineered's arguments that the delay was unintentional and in good faith. While Engineered was unrepresented in this matter, Engineered sent the following correspondence to Valin's counsel. (Braithwaite Decl., Docket 35-1, ¶ 2.)



[1] Mr. Gurr is the purported inventor on the asserted patent and is the principal of Engineered Roof De-Icing. (*See* First Amended Complaint, Docket No. 18, at ¶ 27.) Mr. Gurr also appears to be responding to prior correspondence sent to Engineered's prior counsel as Valin's attorneys did not correspondence with Mr. Gurr directly.

Engineered's own statements and admissions—as opposed to those of its former and re-appearing attorneys—**is that this action is being pursued based on an insufficient pre-filing investigation and lack of due diligence and that it was not Engineered's intention to pursue this lawsuit any further**. Under other circumstances, such as a sincere inability to locate replacement counsel, dismissal of a plaintiff's complaint may not be proper for a failure to comply with the Court's orders. Here, Engineered failure to comply was not sincere, does not show diligence, and was not in good faith. Instead, the tardy re-appearance of Engineered's counsel appears to be an effort to avoid further sanctions against Engineered in this matter for counsel's completely insufficient pre-filing investigation and lack of due diligence, which are awardable in patent cases under 35 U.S.C. § 285 in addition to 18 U.S.C. § 1927 or Rule 11.

On these facts, the Court should grant Valin's Motion and dismiss Engineered's First Amended Complaint and award Valin its fees. The parties can then determine amongst themselves whether to pursue and how to proceed on Valin's counterclaims, including for invalidity of Engineered's asserted patent.

I.  **ARGUMENT**

    A.  **Engineered has not shown excusable neglect in failing to comply with the Court's Order.**

Engineered ignores the factors for dismissal of Engineered's pleading for failure to comply with the Court's order as set forth in Valin's Motion. *(See* Motion at 3–4.) Instead Engineered argues only that its First Amended Complaint should not be dismissed because its failure to appoint counsel in accordance with the Court's Order constituted "excusable neglect."

Engineered list of excuses comprise (1) "uncertainty of immediate (or expired) deadlines in this case"; (2) "the difficulties between Engineered and its counsel reflected in the motion to

withdraw"; and (3) "COVID-19." (Opposition at 4.) But uncertainty regarding deadlines does not constitute excusable neglect. *Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005) ("it is well established that inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect"). Engineered's counsel is re-appeared in this matter and has at all times been aware of the applicable deadlines—whether before withdrawal, while Engineered was technical unrepresented, or after reappearing as counsel. As for the supposed difficulties with prior counsel hampering efforts to find new counsel, any difficulties with Engineered's *former* counsel does nothing to excuse finding *new* counsel in compliance with the Court's Order. Finally, while Valin is cognizant of the disruption that COVID-19 has caused to some, simply stating "COVID-19" without any more explanation is not an adequate excuse. The Court's Order to appoint counsel was dated July 9, 2020—well after the initial uncertainty and disruptions of the COVID-19 response in March and April. The Court should require something more that incantation of "COVID-19," an automatic get-of-of-jail-free card to all those that ignore Court orders.

For example, in *Strong v. Cochran*, the Court considered excusable neglect due to the medical necessity of the counsel that missed Court deadlines. No. 2:14-cvV-00788-TC-EJF, 2018 WL 4080898, at *1 (D. Utah Aug. 27, 2018). The party arguing that that excusable neglect permitted extending the deadlines supported its arguments with a declaration of counsel with details of counsel's medical treatment due to medical necessity. *Id.*

Engineered offers no such support for any of its excuses. In fact, the evidence submitted in support of this Reply shows that the reason for Engineered's non-compliance with the Court's order was not for and of the reasons argued by Engineered's attorneys but rather because

Engineered did not intend to pursue the case further—in particular because the Engineered had not adequately investigated its meritless claims before bringing them.

> **B.    The Court should dismiss Engineered's First Amended Complaint because Engineered's reason for non-compliance with the Court's Order was that it did not intend to pursue the case for insufficient pre-filing investigation.**

Excusable neglect is an equitable determination taking into account all relevant circumstances, including "[1] the danger of prejudice to the [nonmoving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *U.S. v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004) (markup in original). "Nonetheless, 'fault in the delay remains a very important factor—perhaps the most important single factor—in determining whether neglect is excusable.'" *Id.* (quoting *City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir.1994)); *see also Graphic Communications Int'l Union v. Quebecor Printing Providence, Inc.*, 270 F.3d 1, 5 (1st Cir.2001) ("We have observed that the four Pioneer factors do not carry equal weight; the excuse given for the late filing must have the greatest import." (internal quotation marks and bracket omitted)).

Engineered's argument rests almost entirely on the purported lack of prejudice to Valin for the "modest," multi-month delay. Yet Engineered causing delay and forcing Valin to incur additional attorney's fees is prejudice under Tenth Circuit law. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). And as shown above, Engineered nominal excuses are unsupported and do little to allow the Court to examine this most important factor.

The only evidence for the Court regarding Engineered's reasons for not appointing counsel come by way of an email sent by Engineered's principal to Valin's counsel while

Engineered was unrepresented in this matter. In it Engineered admits that it did not intend to pursue this matter further because of insufficient pre-filing investigation and a lack of due diligence by Engineered's counsel:



(Braithwaite Decl. at ¶ 2.) Valin shares the concluding sentiment of this email with a hope that the matter can be resolved without a long and costly legal battle. But permitting Engineered (or its attorneys) to proceed with an unfounded case and without any adequate excuse for non-compliance with this Court's Order is not the way to effectuate that hope. It will only further saddle Valin with further attorney's fees and delay in restitution for an admittedly deficient and baseless lawsuit.

### C. Engineered does not dispute that Valin should be awarded the monetary sanctions for bringing the Motion.

Valin's Motion also requested an award of its fees and expenses for Engineered's noncompliance with the Court's order to retain new counsel within 21-days, which necessitated the Motion. (*See* Docket No. 23.) Federal Rule of Civil Procedure 16(f)(2) makes this sanction

mandatory unless Engineered's "noncompliance was substantially justified or other circumstances make an award of expenses unjust."

Although, Engineered argues that it should be allowed to proceed on the merits due to its tardy appointment of counsel, Engineered fails to present evidence and does not even attempt argue that its failure to appoint counsel within 21 days was substantially justified or that an award of Valin's requested fees would be unjust. Accordingly, Valin should be awarded monetary sanctions against Engineered in the amount necessary to compensate it for its reasonable expenses, including attorney fees, in bringing this motion, which are $3,667. (*See* Marsh Decl., Docket No. 24-1, at ¶ 3; Braithwaite Decl., Docket No. 35-1.)

## II.  CONCLUSION

Engineered has willfully violated this Court's Order requiring it to appoint counsel within 21 days, despite being warned that its failure to comply could result in dismissal of this action. Engineered also fails to show that its non-compliance was for any justifiable reason. Accordingly, the Court should dismiss Engineered's First Amended Complaint with prejudice and award Valin monetary sanctions in the amount of $3,667.

Dated: October 13, 2020.                                    Respectfully Submitted,

MASCHOFF BRENNAN

By:  */s/ Jared J. Braithwaite*
Jared J. Braithwaite

HOGE, FENTON, JONES & APPEL, INC.
Shella Deen
Daniel J. Marsh

Attorneys for Defendant Valin Corporation