JAMES T. BURTON (11875)
jburton@kmclaw.com
**KIRTON | McCONKIE**
36 South State Street, Suite 1900
Salt Lake City, UT 84111
Telephone (801) 328-3600
Facsimile (801) 321-4893

ROBERT E. AYCOCK (8878)
raycock@pamhlaw.com
WILLIAM B. CHADWICK (16416)
wchadwick@pamhlaw.com
**PIA ANDERSON MOSS HOYT**
136 East South Temple, Suite 1900
Salt Lake City, Utah 84111
Telephone: (801) 350-9000
Facsimile: (801) 350-9010

*Attorneys for Plaintiff and Counterclaim-Defendant*
*Engineered Roof De-Icing Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| ENGINEERED ROOF DE-ICING INC. a Utah Limited Liability Company<br><br>    Plaintiff,<br><br>vs.<br><br>VALIN CORPORATION, a California Corporation,<br><br>    Defendant. | Case No.: 2:20-CV-00181-DBB-JCB<br><br>**PLAINTIFF ENGINEERED ROOF DE-ICING INC.'S ANSWER TO DEFENDANT VALIN CORPORATION'S COUNTERCLAIMS**<br><br>Judge: David Barlow<br><br>Magistrate Judge: Jared C. Bennet |

Plaintiff Engineered Roof De-Icing, Inc. ("Engineered"), by and through undersigned counsel of record, hereby respectfully answers Defendant Valin Corporation's ("Valin") Counterclaims ("Counterclaims")[1] as follows:

**FACTS**

4.  Engineered admits the allegations contained in Paragraph 4 of the Counterclaims.[2]

5.  Engineered is without sufficient information as to the allegations made in Paragraph 5 of the Counterclaims and, therefore, denies the same.

6.  Paragraph 6 of the Counterclaims sets forth legal conclusions to which no response is required. To the extent a response is required, Engineered admits that it filed the instant action alleging that Valin infringed U.S. Patent No. 8,607,509 (the "'509 Patent").[3]

7.  Paragraph 7 of the Counterclaims sets forth legal conclusions to which no response is required. To the extent a response is required, Engineered admits that the Court has jurisdiction to hear the parties' dispute regarding the '509 Patent.

8.  Paragraph 8 of the Counterclaims sets forth legal conclusions to which no response is required. To the extent a response is required, Engineered admits that the present action is purportedly a declaratory judgment action brought by Valin seeking declaratory relief that it does not infringe the '509 Patent and the '509 Patent is invalid. Engineered further admits that the Court has jurisdiction to hear the parties' dispute regarding the '509 Patent.

---

[1] *See* Dot. No. 21.

[2] Valin's Counterclaims begin with numbered paragraph no. 4. Engineered believes that this is a typographical error. However, for clarity, it responds to each paragraph in the Counterclaims as numbered by Valin.

[3] *See, e.g.,* Dot. No. 18.

9. Paragraph 9 of the Counterclaims sets forth legal conclusions to which no response is required. To the extent a response is required, Engineered admits that the Court has jurisdiction to hear the parties' dispute regarding the '509 Patent.

**FIRST COUNTERCLAIM: DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

10. Engineered incorporates by reference each of its answers to the allegations made in the preceding paragraphs of the Counterclaims as though fully set forth herein.

11. Engineered admits the allegations contained in Paragraph 11 of the Counterclaims.

12. Engineered admits that its First Amended Complaint [Dkt. No. 18] speaks for itself, but otherwise denies the remaining allegations of Paragraph 12 of the Counterclaims.

13. Paragraph 13 of the Counterclaims sets forth legal conclusions to which no response is required. To the extent a response is required, Engineered admits that the Court has jurisdiction to hear the parties' dispute regarding the '509 Patent, but otherwise denies the remaining allegations of Paragraph 13 of the Counterclaims.

14. Engineered denies the allegations contained in Paragraph 14 of the Counterclaims.

**SECOND COUNTERCLAIM: DECLARATORY JUDGMENT OF INVALIDITY**

15. Engineered incorporates by reference each of its answers to the allegations made in the preceding paragraphs of the Counterclaims as though fully set forth herein.

16. Paragraph 16 of the Counterclaims sets forth legal conclusions to which no response is required. To the extent a response is required, Engineered admits that the Court has jurisdiction to hear the parties' dispute regarding the '509 Patent, but otherwise denies the remaining allegations of Paragraph 16 of the Counterclaims.

17. Engineered denies the allegations contained in Paragraph 17 of the Counterclaims.

18. Engineered denies all allegations of the Counterclaims not specifically admitted herein.

## REQUESTS FOR RELIEF

Engineered denies that Valin is entitled to any of the relief sought in the Request for Relief Section of the Counterclaims and requests that the Court deny any and all such relief to Valin in its entirety and with prejudice and that Valin take nothing. Specifically, Engineered:

1. Denies that Valin is entitled to a declaration that Engineered shall recover nothing from Valin;

2. Denies that Valin is entitled to a declaration that Valin has not infringed, and is not infringing, either directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '509 Patent;

3. Denies that Valin is entitled to a declaration that the claims of the '509 Patent are invalid;

4. Denies that Valin is entitled to an order enjoining Engineered, its affiliates, and its and their respective officers, agents, servants, employees, attorneys, and representatives, and any successors and assigns thereof, from charging or asserting infringement of any claim of the '509 Patent against Valin or anyone in privity with Valin;

5. Denies that Valin is entitled to costs and expenses in any amount; and

6. Denies that Valin is entitled to any other relief.

## FURTHER ANSWER

Engineered further denies each and every allegation in the Counterclaims, whether express or implied, that Engineered has not unequivocally and expressly admitted in this Answer.

## AFFIRMATIVE DEFENSES

Engineered also asserts the following additional affirmative defenses to Valin's Counterclaims and to the relief sought therein without assuming the burden of proof:

### FIRST DEFENSE

Valin fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Valin's claims are barred, in whole or in part, because the Counterclaims fail to state Valin's claims with sufficient specificity to put Engineered on notice of the nature of the claims asserted against it and any purported wrongdoing. In particular, among other things, Valin has failed to include any allegations as to why the '509 Patent is not infringed and/or is invalid.

### THIRD DEFENSE

Valin's claims against Engineered are barred by the doctrines of unclean hands, fraud, material misrepresentations, fraudulent actions and/or other inequitable conduct.

### FOURTH DEFENSE

Engineered reserves the right to assert additional affirmative defenses which may arise as discovery progresses or otherwise in the course of this litigation.

### JURY DEMAND

Engineered demands a trial by jury on all issues raised in this action.

DATED this 26th day of October, 2020.

              Respectfully submitted,

              **PIA ANDERSON MOSS HOYT**

              */s/ Robert E. Aycock*
              Robert E. Aycock
              William B. Chadwick
              136 East South Temple, Suite 1900
              Salt Lake City, Utah 84111
              Telephone: (801) 350-9000
              Facsimile: (801) 350-9010

              James T. Burton
              **KIRTON | McCONKIE**
              36 South State, Suite 1900
              Salt Lake City, Utah 84111
              Telephone: (801) 328-3600

              *Attorneys for Plaintiff and Counterclaim-Defendant Engineered Roof De-Icing Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of October, 2020, I caused a copy of the foregoing to be filed using the Court's CM/ECF electronic filing system, which provides service to all counsel of record.

> */s/ Grace A. Reid*
> Grace A. Reid